IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

FILED - CLERK
U.S. DISTRICT COURT
2006 MAR -2 AM 8:14
TX EASTERN - LUFKIN
BY_____

| | | |
|---|---|---|
| TRACI DANIEL ENOS, | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. 9:06cv58 |
| BURKE CENTER, | § | JURY   Judge Clark |
| Defendant | § | JUDGE: _____ |

## COMPLAINT

NOW COMES Traci Daniel Enos, hereinafter "Plaintiff," complaining of Burke Center, hereinafter "Defendant," and for her complaint states as follows:

### I.

### Introduction

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. (hereinafter "FMLA"), which in relevant part guarantees the employees of certain employers the right to take up to twelve weeks of unpaid leave per year because of a serious health condition without losing their jobs.

2. Plaintiff was employed by Defendant, and Defendant restrained or denied the exercise of rights guaranteed Plaintiff by the FMLA, resulting in legally cognizable damages to Plaintiff.

3. Plaintiff brings this action to vindicate her rights guaranteed by the FMLA. Plaintiff seeks lost back pay and

benefits, liquidated damages, front pay, and a statutory attorney's fee and her costs.

## II.

### Jurisdiction

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2).

## III.

### Parties

5. Plaintiff is an adult citizen of the United States and has been at all times relevant hereto a resident of Angelina County, Texas.

6. Defendant Burke Center is a governmental organization with its main office in Lufkin, Angelina County, Texas, and may be served with process by service on its chief executive officer, Susan Rushing, at 4101 South Medford Drive, Lufkin, Texas 75901.

## IV.

### Facts

7. Defendant was founded in 1994 as Deep East Texas Regional MHMR Services, was renamed Burke Center in 1996, and provides healthcare services to people with mental illness, mental retardation and chemical dependency in a twelve-county region in East Texas.

8. From two years prior to filing of this lawsuit to the present,

Defendant has regularly shipped and received goods and equipment in interstate commerce.

9. At all times from January 1, 1999 to the present, Defendant has had 50 or more employees working out of its central office in Lufkin, or within 75 miles of that location, for each working day during each of 20 or more calendar work weeks of each twelve-month period.

10. At all times from January 1, 1999 to the present, Defendant has been an "employer" as defined by 29 U.S.C. § 2611(4) and subject to the provisions of the FMLA.

11. Plaintiff was employed by Defendant beginning in approximately April of 1999 as a social worker and substance abuse counselor, and remained in Defendant's employ until February 28, 2005.

12. During the 12-month period immediately before February 28, 2005 Plaintiff worked full-time and at least 1,250 hours in her employment with Defendant.

13. At all times relevant hereto, Plaintiff was an "eligible employee," as defined by 29 U.S.C. § 2611(2), of Defendant.

14. Throughout her term of employment with Defendant, Plaintiff was a diligent, dedicated and well-qualified employee for Defendant.

15. Plaintiff began maternity leave, with prior approval of Defendant, on or about January 31, 2005. Plaintiff's

maternity leave was scheduled to end on or about April 26, 2005.

16. Plaintiff had her baby on February 2, 2005.

17. The reason Plaintiff asked for maternity leave was because of the birth of her son.

18. On February 28, 2005, Defendant laid Plaintiff off, terminating her employment.

19. Plaintiff was released by her doctor to return to work on or about March 1, 2005, and from that date to the present Plaintiff has been able, available, and willing to work.

20. The reason Defendant laid Plaintiff off as described above was because Plaintiff was pregnant and requested and took maternity leave.

21. Plaintiff's pregnancy was a "serious health condition" within the meaning of the FMLA, which made her unable to perform the functions of her job with Defendant.

22. As a result of Defendant's acts and omissions complained of above, Plaintiff has suffered past and future lost wages and fringe benefits.

V.

Causes of Action

23. Defendant's failure to restore Plaintiff to the position of employment she held when her maternity leave commenced, or to an equivalent position, violates the affirmative duty placed

on Defendant by the FMLA to do just that, for which redress is provided under 29 U.S.C. § 2617(a).

24. Defendant's acts and omissions set forth above constitute interference with and denial of the exercise of Plaintiff's rights to unpaid leave guaranteed her by the FMLA, and retaliation for exercising such rights, for which redress is provided under 29 U.S.C. § 2617(a).

VI.

Prayer for Relief

WHEREFORE, Plaintiff prays that this honorable Court:

A. Enter a judgment in favor of Plaintiff and against Defendant for lost compensation, including the value of lost fringe benefits, from the date of Plaintiff's termination of employment through the time of trial.

B. Enter a judgment in favor of Plaintiff and against Defendant for liquidated damages in an amount equivalent to Plaintiff's lost compensation in accordance with 29 U.S.C. § 2617(a)(1)(A)(iii).

C. Enter a judgment in favor of Plaintiff and against Defendant for front pay in an amount sufficient to compensate Plaintiff for lost future compensation and fringe benefits.

D. Enter a judgment in favor of Plaintiff and against Defendant for Plaintiff's reasonable attorney's fees and

her costs and expenses incurred in prosecuting this action.

E. Grant Plaintiff any and all additional relief to which she appears to be entitled.

## VII.

### Jury Demand

Plaintiff demands trial by jury of any issue triable of right by a jury.

Respectfully submitted,

RICHARD S. FISCHER
State Bar No. 07043100

THE LAW OFFICES OF RICHARD S. FISCHER
114 South Pecan Street
Nacogdoches, Texas  75961
Phone:  (936)564-2222
FAX:    (936)564-1346
E-Mail: fischerlaw@sbcglobal.net

Attorney for Plaintiff